UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

DEXTER BERRY, )
 )
                Plaintiff, )
 )
vs. )  Case No. 1:14-cv-01405-TWP-TAB
 )
MR. SIDWELL, et al., )
 )
                Defendants. )

**Entry Dismissing Complaint and Directing Further Proceedings**

**I. Background**

Because the plaintiff, Dexter Berry ("Mr. Berry"), is confined at the Correctional Industrial Facility and is a "prisoner" as defined by 28 U.S.C. ' 1915(h), the Court has screened his complaint as required by 28 U.S.C. § 1915A(b). This statute directs that the Court dismiss a complaint or any claim within a complaint that "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.* "A complaint is subject to dismissal for failure to state a claim if the allegations, taken as true, show the plaintiff is not entitled to relief." *Jones v. Bock,* 549 U.S. 199, 215 (2007).

The plaintiff's claims are brought pursuant to 42 U.S.C. § 1983, alleging that the defendants have violated his First and Eighth Amendment rights and Indiana Department of Correction ("IDOC") policy. The defendants are 1) Disciplinary Hearing Officer Mr. Richard Sidwell, and 2) Screening Officer Mr. D. Moore. Mr. Berry seeks compensatory damages for his emotional distress.

## II. Screening

### A.

To satisfy the notice-pleading standard of Rule 8(a)(2) of the *Federal Rules of Civil Procedure*, a complaint must provide a "short and plain statement of the claim showing that the pleader is entitled to relief." Such a statement must provide the defendant with "fair notice" of the claim and its basis. *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). The complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. . . . A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation omitted). Pro se complaints such as that filed by Mr. Berry are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Erickson*, 551 U.S. at 94; *Obriecht v. Raemisch*, 517 F.3d 489, 491 n.2 (7th Cir. 2008).

### B.

Mr. Berry alleges that on July 3, 2014, Mr. Sidwell, the hearing officer in a disciplinary proceeding, found him guilty of violating prison rules prohibiting the possession of a cell phone. Mr. Berry alleges that Mr. Sidwell's sanction of a 45 day loss of J Pay kiosk electronic mail service violated IDOC policy and his First and Eighth Amendment rights. Mr. Berry filed a grievance and ultimately, the J Pay kiosk sanction was removed. By July 24, 2014, Mr. Berry was able to access the J Pay kiosk and receive and send electronic mail.

Mr. Berry further alleges that defendant screening officer D. Moore failed to correct the sanction when Mr. Berry complained to him. In response to Mr. Berry's request for an interview to discuss his complaint about the J Pay sanction, Mr. Moore informed Mr. Berry that the use of

the J Pay kiosk was a privilege, that he had not been denied the opportunity to mail letters using the postal service, and that any future concerns should be directed to the grievance coordinator.

To the extent Mr. Berry brings constitutional claims alleging any violations of state law or prison policy, those claims are **dismissed** for failure to state a claim upon which relief can be granted. Section 1983 creates a federal cause of action "for the deprivation, under color of law, of a citizen's rights, privileges, or immunities secured by the Constitution and laws of the United States." *Livadas v. Bradshaw,* 512 U.S. 107, 132 (1994) (internal quotation omitted). Thus, no action lies under § 1983 unless a plaintiff has asserted the violation of a *federal* right. *See Middlesex County Sewage Auth. v. Nat'l Sea Clammers Ass'n,* 453 U.S. 1, 19 (1981); *Juriss v. McGowan*, 957 F.2d 345, 349 n.1 (7th Cir. 1992) ("without a predicate constitutional violation, one cannot make out a *prima facie* case under § 1983"). In addition, to the extent Mr. Berry alleges violations of IDOC policy, violations of prison rules or regulations do not give rise to a private cause of action. *See Dickerson v. Jordan,* 34 Fed.Appx. 962 (5th Cir. 2002) (citing *Henandez v. Estelle*, 788 F.2d 1154, 1158 (5th Cir. 1986)).

Mr. Berry's Eighth Amendment claims are **dismissed** for failure to state a claim upon which relief can be granted. The Eighth Amendment's proscription against cruel and unusual punishment protects prisoners from the "unnecessary and wanton infliction of pain" by the state. *Hudson v. McMillian,* 503 U.S. 1, 5 (1992) (citation and internal quotations omitted). Pursuant to the Eighth Amendment, prison officials have the duty to provide humane conditions of confinement–"prison officials must ensure that inmates receive adequate food, clothing, shelter, and medical care, and must take reasonable measures to guarantee the safety of the inmates." *Farmer v. Brennan,* 511 U.S. 825, 832 (1994) (internal quotation omitted). The allegations in the complaint do not rise to the level of punishment contemplated by the Eighth Amendment.

Finally, the Court must also **dismiss** Mr. Berry's damages claims because a prisoner cannot obtain compensatory damages without proving a physical injury. "No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury or the commission of a sexual act." 42 U.S.C. § 1997e(e). *See Thomas v. Illinois,* 697 F.3d 612 (7th Cir. 2012). His allegations of weight loss and difficulty sleeping are not "physical injuries" as contemplated by this statute. *Pearson v. Welborn,* 471 F.3d 732, 744 (7th Cir. 2006).

### III. Further Proceedings

For the reasons discussed above, the complaint is **dismissed for failure to state a claim upon which relief can be granted.** Mr. Berry shall have **through November 4, 2014,** in which to **show cause** why this action should not be dismissed for failure to state a claim upon which relief can be granted. *Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1022 (7th Cir. 2013) ("Without at least an opportunity to amend or to respond to an order to show cause, an IFP applicant's case could be tossed out of court without giving the applicant any timely notice or opportunity to be heard to clarify, contest, or simply request leave to amend."). If he fails to do so, the action will be dismissed for the reasons set forth in this Entry.

**IT IS SO ORDERED.**

Date: 10/6/2014

Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

Distribution:

Dexter Berry, #114153, Correctional Industrial Facility, Inmate Mail/Parcels, 5124 West Reformatory Road, Pendleton, IN 46064-9001